**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ROY JONES,**

**Defendant.**

**Case No. 2:19-CR-20056-JAR**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Roy Jones's Motion to Withdraw Guilty Plea (Doc. 121), filed on April 7, 2025. The Government opposes Jones's motion. The Court held three hearings on Jones's motion this year, on March 9, April 1, and June 11. The record is now complete, and the Court is prepared to rule. As explained below, Jones's motion is granted.

## I. Background

On August 28, 2019, a Federal Grand Jury sitting in the District of Kansas returned a three-count Indictment against Roy Jones, charging the following: a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), that is possession with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 1); a violation of 18 U.S.C. §924(c)(1)(A)(i), that is possession of firearms in furtherance of a drug trafficking crime (Count 2); and a violation of 21 U.S.C. § 856(a)(1) and (a)(2), that is maintaining a drug involved premises (Count 3).[1] On December 13, 2021, Jones pleaded guilty pursuant to a written plea agreement to a single count

[1] Doc. 1.

of Possession with Intent to Distribute Methamphetamine.[2] On April 7, 2025, Jones filed a Motion to Withdraw Guilty Plea.[3] The Court details below the 6 years, 9 months, and 14 days between Jones's Indictment and the final hearing on his Motion to Withdraw Guilty Plea.

On September 4, 2019, Jones had his initial appearance before Magistrate Judge Teresa James. On September 5, 2019, the Federal Public Defender entered an initial appearance. But the next day, September 6, Jones retained Daniel Martinez, who entered his appearance. That same day, Martinez represented Jones at his detention hearing and arraignment, where Jones pleaded not guilty and Judge James entered a release order.

On September 26, 2019, Judge James entered the pretrial and criminal case management order. On October 21 and November 25, 2019, the Court held two status conferences, where the Court granted a continuance at each to allow the parties time to potentially resolve the matter. On January 6, 2020, the parties appeared before the Court and advised that they were in plea negotiations and requested the Court set a change of plea hearing for March 9, 2020. The Court granted the parties' request and entered Jones's notice of intent to change plea and set the hearing for March 9, 2020.

On March 9, 2020, Jones requested a continuance of the change-of-plea hearing. Jones would go on to request additional continuances of his change-of-plea hearing on April 28, 2020, August 7, 2020, September 14, 2020, and October 16, 2020. On December 21, 2020, the parties appeared for the change-of-plea hearing, but Martinez informed the Court that he had discussed the plea agreement and sentencing range with Jones and advised that Jones was speaking with

[2] Doc. 42.

[3] Doc. 121.

other counsel. Martinez requested the Court schedule a status conference in 30 days at which time he would advise the Court and Government where Jones stands on the plea agreement.

On January 1, 2021, the parties again informed the Court that they were involved in plea negotiations and requested a change-of-plea hearing be set for March 1, 2021. The Court granted this request and again entered a notice of intent to change plea. On March 1, 2021, Martinez informed the Court that Jones was unhappy with the seizure of evidence from his vehicle and his residence and asked the Court to set a motions schedule so that Martinez could file a "dispositive" motion to suppress.[4] Martinez also notified the Court that an evidentiary hearing may be needed to resolve the suppression issue. The Court granted Jones's request and set a motions schedule. On April 12, 2021, the Court granted Jones's unopposed motion to continue the pretrial motion deadline. Martinez never filed a motion to suppress.

On June 8, 2021, Jones yet again notified the Court he intended to change his plea, and the Court set his change-of-plea hearing for July 19, 2021. But at the July 19, 2021 hearing, Martinez instead requested a trial setting and informed the Court that he would continue to speak with Jones about a resolution to his case prior to the trial setting; the Court set the case for jury trial on September 22, 2021. On August 24, 2021, Jones notified the Court of his intent to change his plea, so the Court subsequently cancelled the jury trial setting and scheduled a change-of-plea hearing. The Court continued this change-of-plea hearing two more times.

Finally, on December 13, 2021, Jones pleaded guilty pursuant to a written plea agreement to Count 1 of an amended information charging a violation of 21 U.S.C. § 841(a)(l) and (b)(l)(B)(viii), that is, possession with the intent to distribute five or more grams of methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount

[4] Doc. 119 at 4.

of methamphetamine. In exchange for Jones's guilty plea, the Government dismissed all other counts. The Court accepted Jones's change of plea and scheduled a sentencing hearing for March 1, 2022.

On February 16, 2022, the United States Probation Office ("USPO") filed its presentence investigation report ("PSR"), reflecting no objections by Jones. Martinez filed a motion to file PSR objections out of time on February 24, 2022. In that motion, Martinez informed the Court that he had not yet met with Jones regarding the PSR, and that Martinez had failed to correctly calendar the date on which objections were due.[5]

On February 25, 2022, the Court granted Jones's request, set a new PSR objections schedule, and continued the sentencing hearing to April 18, 2022. On April 1, 2022, Jones filed a motion to continue his sentencing hearing. In this motion, Martinez informed the Court that Jones is requesting "a final continuance" so that Jones could "[wrap] up his personal affairs in preparation for sentencing."[6] The Court granted Jones's request, set a new date for sentencing, and reset the sentencing memoranda deadlines. On September 19, 2022, Jones requested another 30-day continuance, which the Court granted.

On October 5, 2022, the parties appeared before the Court for a status conference. During the status conference, Jones informed the Court that his sister was gravely ill and that he requested another 30-day continuance. The Court denied Jones's request and set sentencing for October 11, 2022. But Jones never appeared for his October 11 sentencing. Instead, on October 11, 2022, the Court issued a bench warrant for Jones's arrest.

---

[5] *See* Doc. 47.

[6] Doc. 50.

On March 14, 2024, approximately 19 months after his failure to appear at his sentencing hearing, Jones was arrested. The next day, Jones appeared with Martinez before Magistrate Judge Angel Mitchell. Judge Mitchell denied Jones's request for release and ordered detention pending sentencing. The Court set new sentencing memoranda deadlines and scheduled a final sentencing date for October 28, 2024.

On October 20, 2024, Martinez asked the Court to file Jones's sentencing memorandum out of time, citing counsel's schedule and Jones's detention in Cotton Falls, Kansas as the reason Martinez was unable to meet the Court's deadline on October 14, 2024. The Court granted Martinez's request. One week later, on October 27, 2024, Martinez filed a motion to withdraw as attorney, informing the Court that Jones requested a new attorney. The Court held a status conference the next day. At the status conference, the Court received Jones's pro se "Motion for Ineffective Assistance of Counsel" and granted Martinez's withdrawal. The Court granted Jones's motion to appoint counsel the next day and appointed a Federal Public Defender to represent Jones.

On April 7, 2025, after two status conferences with Jones and his new counsel, Jones filed the instant motion to withdraw guilty plea, citing ineffective assistance of counsel by Martinez. On April 28, 2025, Jones filed a motion to withdraw counsel. The Government responded with a motion to abate the response deadline and hearing date on Jones's motion to withdraw plea until his motion to withdraw counsel is resolved. The Court granted the Government's request.

On May 15, 2025, the Court held a hearing on Jones's request to withdraw counsel, where the Court granted Jones's request. On May 20, 2025, the Court issued an order appointing

Branden A. Bell as counsel for Jones under the Criminal Justice Act.[7] From May 20, 2025, until January 5, 2026, the Court held two status conferences and granted two unopposed motions to continue a third status conference as Jones's newly appointed counsel and the Government worked toward a joint resolution. Those efforts failed and the Court set a new response deadline for Jones's motion to withdraw guilty plea and set a motion hearing.

On March 9, 2026, the Court held a hearing on Jones's motion to withdraw guilty plea; the Court heard testimony from Martinez and the officers involved in Jones's initial stop. First, Martinez testified, in part, about his representation of Jones and his public disciplinary record before the Kansas Supreme Court. Martinez also testified about why he stated to the Court that he intended to file a "dispositive" motion to suppress approximately 14 months after Jones's first notice of intent to change plea if he did not believe the motion had merit.

Second, the officers testified about the facts surrounding the suppression issues Jones argues Martinez should have litigated. Briefly, Jones contends Martinez should have filed a motion to suppress, challenging: (1) the traffic stop of Jones due to a seatbelt infraction, because Jones maintains that he was wearing his seatbelt and is willing to testify to such; (2) Jones's arrest and the subsequent search of his car that yielded drugs stemming from an erroneous Kansas Department of Revenue record that his driver's license was suspended; (3) the search of Jones's house that yielded guns and drugs, challenging the anonymous tip police relied on for the search warrant and that the officers entered the house prior to obtaining the search warrant; and (4) the statement of an individual subject to a separate traffic stop that he had recently bought drugs from Jones.

[7] 18 U.S.C. § 3006A.

The Court scheduled a status conference for April 1, 2026, to give Martinez time to review and deliver his client file to Jones's new counsel and for Jones's new counsel to have adequate time to review the file prior to the status conference. Martinez assured the Court that he would only need two days to gather and deliver the client file to Jones's new counsel. On April 1, 2026, the Court held a status conference at which it granted Jones's request to issue a Fed. R. Crim. P. 17 subpoena to Martinez requesting the client file Martinez previously informed the Court he would provide. On June 11, 2026, the Court held a final status conference and took Jones's motion to withdraw guilty plea under advisement.

## II. Standard

Because the Court accepted Jones's guilty plea,[8] but has not imposed a sentence, Fed. R. Crim. P. 11(d)(2)(B) applies. Rule 11(d)(2)(B) permits a defendant to withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal."[9] Jones "bears the burden of establishing a 'fair and just reason.'"[10]

While a motion to withdraw a plea "should be 'freely allowed,'" the Tenth Circuit has identified a seven-factor test to guide the analysis.[11] The factors evaluate: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6)

[8] Doc. 42.

[9] Fed. R. Crim. P. 11(d)(2)(B). In his motion to withdraw guilty plea, Jones cites the "fair and just" standard from former Fed. R. Crim. P. 32(d). However, the Rules were amended in 2002 so that the substance of Rule 32 authorizing defendants to seek the withdrawal of a guilty plea prior to sentencing is now found in Rule 11(d)(2). *United States v. Wilson*, 429 F.3d 455, 458 n.2 (3d Cir. 2005) ("Because the substance of the rule has not changed, precedent referring to Rule 32 continues to be authoritative.")).

[10] *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (quoting *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000)).

[11] *United States v. Kramer*, 168 F.3d 1196, 1202 (10th Cir. 1999).

whether the plea is knowing and voluntary, and (7) waste of judicial resources."[12] The Tenth Circuit has also suggested an eighth factor—"likelihood of conviction."[13] Where a defendant fails to carry his burden, "on asserted innocence, validity of the plea (whether it was given knowingly and voluntarily), and ineffective assistance of counsel, the court need not address 'the remaining factors . . . because these [remaining] factors speak to the potential burden on the government and the court, rather than the defendant's *reason* for withdrawal.'"[14] Below, the Court applies the relevant factors to Jones's motion

## III. Discussion

### A. Asserted Innocence

"[A] defendant may satisfy the assertion-of-innocence factor by asserting legal innocence."[15] "But although the assertion of legal innocence may satisfy this factor in some instances, the mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence."[16] "[A] credible assertion of innocence 'has the quality or power of inspiring belief,' and 'tends to either defeat the elements in the government's prima facie case or make out a successful affirmative defense.'"[17]

---

[12] *Hamilton*, 510 F.3d at 1214 (quoting *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993)).

[13] *United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014) (quoting *United States v. Carr*, 80 F.3d 413, 421 n.5 (10th Cir. 1996)). Because the Tenth Circuit hasn't explicitly adopted the so-called eighth factor as part of its governing test, this Court's analysis and conclusion, like other courts in this district, does not rely on it. *See e.g.*, *United States v. Quintero-Jimenez*, No. 17-20038-01-DDC, 2021 WL 63306, at *5 (D. Kan. Jan. 7, 2021) (citing *Sanchez-Leon*, 764 F.3d at 1258).

[14] *Sanchez-Leon*, 764 F.3d at 1258.

[15] *Hamilton*, at 1214 (quoting *United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009)) (noting that the Advisory Committee's notes to the Fed. R. Crim. P. 32 1983 amendments emphasized the importance of a defendant's assertion of legal innocence).

[16] *Id.*; *United States v. Hickok*, 907 F.2d 983, 985 n.2 (10th Cir. 1990); *United States v. Barker*, 514 F.2d 208, 220 (D.C. Cir. 1975)).

[17] *United States v. Marceleno*, 819 F.3d 1267, 1275 (10th Cir. 2016) (quoting *United States v. Thompson–Riviere*, 561 F.3d 345, 353 (4th Cir. 2009)).

Jones asserts his innocence on the theory that the traffic stop, his arrest, and the subsequent searches of his person, vehicle, and residence were unconstitutional such that the evidence obtained should be suppressed and deemed inadmissible. On this front, Jones's argument interlaces with the assistance-of-counsel and knowing-and-voluntary-plea prongs that the Court addresses below. The Government responds that: (1) Jones abandoned any claim to innocence when he admitted guilt in a post-arrest interview and during his guilty-plea colloquy; and (2) even if Jones filed a motion to suppress, such a motion would have been unsuccessful.

As an initial matter, the Court need not wade into the merits of a hypothetical motion to suppress. Rather, the Court's inquiry is whether Jones has put forward a defense that is legally cognizable and credible.[18] The Court finds Jones meets his burden. First, the Government's contention that Jones's post-arrest statements after waving *Miranda* warnings necessarily defeats any subsequent claim of factual innocence is unpersuasive, because a successful motion to suppress may certainly result in the suppression of those post-arrest statements.[19] Indeed, the fact that such post-arrest statements might be suppressed supports a finding that Jones has put forth a legally cognizable theory of defense.

Second, the Court "need not be convinced that [Jones] is innocent in order to grant [his] motion to withdraw a guilty plea," but simply that his assertion is credible.[20] On this front, the Tenth Circuit has clarified that a defendant "must present some colorable basis to support his claim of innocence."[21] While there is no case law directly on point, the Court finds the Tenth

---

[18] *Id.* at 1274–75.

[19] *Brown v. Illinois*, 422 U.S. 590, 602 (1975) ("If Miranda warnings, by themselves, were held to attenuate the taint of an unconstitutional arrest, regardless of how wanton and purposeful the Fourth Amendment violation, the effect of the exclusionary rule would be substantially diluted.").

[20] *Marceleno*, 819 F.3d at 1275.

[21] *United States v. Miller*, No. 25-5122, 2026 WL 1746566, at *2 (10th Cir. June 17, 2026) (citing *Marceleno*, 819 F.3d at 1274–76).

Circuit's opinion in *United States v. Cervantes* instructive.[22] There, the Tenth Circuit acknowledged that a defendant may demonstrate a colorable claim of legal innocence based on an unfiled motion to suppress that has an evidentiary basis.[23] *Cervantes*, however, had filed a motion to suppress before he pled guilty, which the court had denied. Thus, *Cervantes* had no colorable claim of legal innocence.[24]

Here, Jones has a colorable claim of innocence. He did not file a motion to suppress, but the Court heard evidence that would be relevant to such a motion during the extended hearing on Jones's motion to withdraw guilty plea.[25] And that evidence demonstrated that Jones had a reasonable basis to challenge the traffic stop, his arrest, and the subsequent searches under the Fourth Amendment. Jones need not show that the suppression motion would have been granted, just that there was a reasonable basis to file such a motion. This factor weighs in Jones's favor.

**B. Assistance of Counsel**

When a defendant's challenge to a guilty plea is based on ineffective assistance of counsel, the Tenth Circuit applies the two-part test established by the Supreme Court in *Strickland v. Washington*.[26] To prevail under this test, a defendant "must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced [his] defense."[27] In order to establish that his attorney's performance was constitutionally deficient, a defendant must show that the attorney's performance fell outside "the wide range of competence demanded of

---

[22] 115 F. App'x 1 (10th Cir. 2004).

[23] *Id*. at 8–9.

[24] *Id.* at 9.

[25] *See* Doc. 147.

[26] 466 U.S. 668, 687 (1984); *see Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007).

[27] *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at 687).

attorneys in criminal cases."[28] To demonstrate he suffered prejudice as a result of the alleged deficiency, a defendant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[29] The Court addresses each element in turn.

**1. Deficient Performance**

Martinez represented Jones from his September 6, 2019 arraignment until Martinez's withdrawal on October 29, 2024. Jones argues that Martinez's performance was deficient because: (1) the motion to suppress had a solid foundation; (2) he failed to file a motion to suppress despite informing the Court that he intended to file one and that it would be "dispositive"; and (3) he led Jones to believe that he would file a suppression motion. As corroborating evidence of Martinez's deficient performance in this case, Jones points the Court to a Kansas Supreme Court disciplinary finding (rendered during the pendency of this case) that Martinez misadvised a different client about the contours of a plea agreement.[30]

The Government responds that Martinez's failure to file a suppression motion in this case was not deficient because the motion was unlikely to succeed on the merits and, further, that it was Martinez's legal strategy to forego filing the motion in order to obtain the best possible plea agreement. To that end, the Government presented evidence during the extended hearing on the motion to withdraw guilty plea, in effect litigating the merits of a hypothetical suppression motion that Jones did not file. The Court heard conflicting evidence about whether Jones was in

[28] *Id.*

[29] *Id.* at 418–19 (quoting *Hill*, 474 U.S. at 59).

[30] *In re Martinez*, 506 P.3d. 909 (Kan. 2022). Because the Court finds Martinez's representation in this case is deficient, it need not address whether Martinez's disciplinary proceedings in a separate case corroborate the evidence here.

fact wearing his seatbelt, the traffic infraction for which he was stopped. The Court heard evidence that Jones had a valid driver's license, yet the basis for his arrest was that he had no valid license. The Court heard evidence about the anonymous tipster and other evidence supporting the search warrant obtained to search Jones's residence. Based on this evidence, though the Court does not and need not decide the merits of an unfiled motion to suppress, the Court easily finds that Jones had a reasonable basis for filing a suppression motion, whether or not such motion would be ultimately successful.

To be sure, effective assistance of counsel "does not demand that every possible motion be filed, but only those having a solid foundation."[31] But there was a solid foundation for filing a motion to suppress in this case to challenge the traffic stop, arrest, and subsequent searches. Furthermore, during the March 9, 2026 hearing, Jones's current counsel informed the Court that Jones was willing to testify at a suppression hearing. Certainly, Jones's willingness to testify further underscores the objective unreasonableness of Martinez's representation.[32]

Not until Martinez testified during the extended hearing on the motion to withdraw plea did Martinez offer that his decision to not file a suppression motion was based on his legal strategy. Before that testimony in 2026, Martinez had repeatedly represented to the Court that he would be filing a motion to suppress, which he characterized as "dispositive" of the case. On March 1, 2021, Martinez first informed the Court of his intent to file a suppression motion and asked the Court to set it for an evidentiary hearing. On April 2, 2021, Martinez filed a motion asking for additional time to file a suppression motion.[33]

---

[31] *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985) (quoting *United States v. Crouthers*, 669 F.2d 635, 643 (10th Cir. 1982)); *Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir. 1986) ("[T]he Sixth Amendment does not require that every possible motion be filed, but only those having a solid foundation.).

[32] *See United States v. Gordon*, 4 F.3d 1567, 1573 (10th Cir. 1993).

[33] Doc. 27.

And, more troublingly, Martinez had assured Jones that "he was in the process [of] working on" filing a suppression motion, something Jones asserted in his *pro se* motion for ineffective assistance of counsel.[34] The record further demonstrates Martinez was deficient in communicating with Jones. This is evident in the multiple motions or pleadings Martinez filed seeking additional time to file pleadings, time needed because of his limited, or lack of, communication with Jones. For example, Martinez filed a motion to file a sentencing memorandum out of time,[35] in which he referenced his schedule and Jones's detention in Cotton Falls, Kansas, which suggested that he needed time to communicate with Jones in order to file a sentencing memorandum.[36] In fact, the record is replete with such examples of Martinez's inability to meet deadlines because he had not timely or fully communicated with Jones. Martinez moved to file out of time objections to the PSR, stating that he failed to accurately calendar the objections deadline and that he "was not able to make a timely arrangement to speak with [Jones] regarding his sentencing report."[37] Martinez asked for an extension of other filing deadlines because his "schedule [had] not allowed time to have a meaningful meeting with [Jones]."[38]

Martinez's repeated statements that he was going to file a suppression motion, coupled with his evident failure to timely communicate with Jones, is inconsistent with his claim that not filing the motion was part of his legal strategy. The Court gives this testimony little weight,

---

[34] Doc. 105 at 2.

[35] Doc. 102.

[36] Martinez should have stated that Jones was in "Cottonwood Falls, Kansas," rather than "Cotton Falls, Kansas," which does not exist. But more significantly, Cottonwood Falls, Kansas is less than a two-hour drive from Kansas City, Kansas.

[37] Doc. 47.

[38] Doc. 97.

given its inconsistency with Martinez's statements during the life of this case. In short, the Court concludes that Martinez rendered deficient performance in failing to file a motion to suppress. Martinez's failure to file a motion to suppress that had a solid foundation, despite informing the Court, the Government, and Jones of his intention to do so, does fall outside the competence demanded of criminal attorneys. Thus, the Court next asks whether Martinez's deficiencies prejudiced Jones's defense.

**2. Prejudice**

Jones argues that, but for Martinez's ineffective assistance, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.[39] The Government and Jones each cite *United States v. Hamilton*[40] for support. In *Hamilton*, the Tenth Circuit held that there was no prejudice where a defendant alleged he would have gone to trial but for his attorney's failure to adequately advise him of the controlling career-offender guidelines, because the sentencing court had carefully explained the plea's consequences and the defendant testified he understood those consequences.[41] In other words, that defendant's plea was knowing and voluntary. As further discussed below, Jones's plea was not knowing and voluntary, because of Martinez's deficient performance, and Jones was thus prejudiced. This factor weighs in Jones's favor.

[39] Jones "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See United States v. Car*, 80 F.3d 413, 418 (10th Cir. 1996) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[40] 510 F.3d 1209 (10th Cir. 2007).

[41] *Id.* at 1216–17.

**C. Knowing and Voluntary Plea**

"To enter a plea that is knowing and voluntary, the defendant must have 'a full understanding of what the plea connotes and of its consequence.'"[42] "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"[43] To support a finding that Jones entered his plea knowingly and voluntarily, the Government first cites Jones's testimony at his change-of-plea hearing that he was entering his plea knowingly, voluntarily, and freely and that he was satisfied with Martinez's representation. Jones does not dispute the Government's recitation of the plea colloquy but instead argues that Jones made these statements without knowledge of Martinez's constitutionally deficient representation; thus, Jones necessarily could not have made his plea knowingly and voluntarily.

The Government further argues Jones "conclusory remarks regarding [Martinez's representation] are not enough to establish that his counsel was ineffective and that therefore his plea was involuntary."[44] The Government is correct that a court evaluates the language of the plea agreement, plea petition, and Rule 11 colloquy to ascertain whether a defendant's plea was knowing and voluntary.[45] However, stopping the inquiry where the Government suggests would turn the principle of Fed. R. Crim. P. 11 on its head. Instead, where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the

[42] *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).

[43] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

[44] Doc. 144 at 18.

[45] *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[46]

The Court finds Jones has offered more than conclusory remarks regarding Martinez's representation. Jones has demonstrated that Martinez's performance was deficient and that the deficiency prejudiced his defense. Importantly for the present inquiry, the Court finds that Martinez misrepresented to Jones for years that a dispositive suppression motion was imminent, and that Jones entered his plea unknowingly and involuntarily due to Martinez's material misinformation.[47] Indeed, Jones believed that Martinez would file a suppression motion even after Jones entered his plea. While this may seem unreasonable to those uneducated in the law, the Court finds it not unreasonable for Jones to believe this, given Martinez's repeated statements that he would file a suppression motion, coupled with Martinez's pattern of failing to meet filing deadlines. Notably, it is not unusual for a defendant to enter into a conditional plea agreement that allows him to appeal an order denying his motion to suppress, thus preserving the issue despite his plea. But Jones was deprived of this opportunity because Martinez never filed a suppression motion. Indeed, it cannot be said that Jones's decision to enter a guilty plea constituted a "deliberate, intelligent choice" where Jones believed Martinez's assurances that a dispositive motion to suppress was looming.[48] This factor weighs in favor of Jones.

---

[46] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[47] *Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir. 1989) (explaining that a plea may be involuntary "when an attorney materially misinforms the defendant of the consequences of the plea or the court's probable disposition.").

[48] *United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990) ("[T]he defendant's decision to plead must constitute a 'deliberate, intelligent choice between available alternatives'") (quoting *United States v. Fernandez*, 877 F.2d 1138, 1142 (2d Cir. 1989))).

**D. Delay in Filing and the Reason for the Delay**

On December 13, 2021, Jones pled guilty. Over 39 months later, on April 7, 2025, Jones filed his motion to withdraw plea. "A lengthy delay in seeking withdrawal raises the standard for what could be a fair and just reason under the circumstances."[49] The Court has detailed the repeated delays during the life of this case, because of: (1) Jones's multiple requests for continued hearings to further discuss the plea with his family and counsel; (2) Martinez's representations to the Court, the Government, and Jones that he was preparing a dispositive suppression motion that required an evidentiary hearing;[50] (3) Martinez's requests for out-of-time filings due to missed deadlines; (4) Jones's decision to abscond for approximately 19 months; and (5) Jones's new counsel's requests for additional time to review the evidence and lengthy procedural history of this case. Virtually all of the delays were at the request of Jones and his counsel, and most of the delay is attributable to Jones absconding for nearly two years. This factor weighs in the Government's favor.

**E. Prejudice to the Government**

The withdrawal of a plea inevitably prejudices the Government to some degree.[51] It has been nearly seven years since Jones's Indictment, and nearly two years of that gap is due to Jones's absconding. Such delay may prejudice the Government's case, as witnesses necessarily have to recall and testify to events that occurred nearly a decade ago. But at the March 9, 2026 hearing on Jones's motion to withdraw plea, the Government called several witnesses, all law enforcement officers, to testify about the investigation, traffic stop, arrest and search underlying the charges in this case. It was not apparent that the testimony of these witnesses was at all

---

[49] *United States v. Cole*, No. CR 06-20056-13-KHV, 2008 WL 11384160, at *2 (D. Kan. Oct. 8, 2008).

[50] *See* Doc. 119 at 4.

[51] *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996).

impaired by the delay. And, the Government offers no specific example of prejudice beyond the general inconveniences of delay. Moreover, the Government's case largely rests on physical evidence that is not, nor does the Government suggest it has been, weakened by the passage of time. Thus, this factor weighs only slightly in favor of the Government.

### F. Inconvenience to the Court & Waste of Judicial Resources

The Court finds it appropriate to consider the fourth and seventh factors together.[52] Prior to Jones entering his plea, the Court had already expended great resources entering a pretrial and criminal case management order, and conducting myriad conferences and hearings on this matter.[53] If the Court permits Jones to withdraw his plea, it will have to retread much of the ground it has already covered, including setting a new motions deadline for the long-anticipated motion to suppress.[54] Additionally, the above discussions under the reasons for delay and the prejudice to the government factors inform the Court's concerns here.[55] As such, the fourth and seventh factors weigh in favor of the Government.

## IV. Conclusion

On balance, the Court finds that Jones has met his burden and grants his motion to withdraw guilty plea. The Court does not diminish the burdensome expenditure of resources Jones has caused the Court and the Government, including by absconding after his plea and before sentencing. Nonetheless, the Court finds Jones has provided "fair and just reasons" for withdrawal because he has (1) adequately asserted his legal innocence; (2) demonstrated that he

---

[52] *See United States v. Hasson*, 287 F. App'x 712, 717 (10th Cir. 2008) (analyzing the fourth and seventh factors in conjunction).

[53] *See* Doc. 10.

[54] *See United States v. Siedlik*, 231 F.3d 744, 750 (10th Cir. 2000).

[55] *See United States v. Graham*, 466 F.3d 1234, 1239 (10th Cir. 2006) (recognizing that these two factors "trigger[] similar concerns").

was prejudiced by ineffective assistance of his counsel; and (3) demonstrated that his plea was entered unknowingly and involuntarily.[56] As such, despite Jones's contribution to the lengthy delay in this case and the resulting prejudice to the Court and the Government, the spirit of Fed. R. Crim. P. 11(d)(2)(B) is best followed by granting Jones's motion to withdraw guilty plea.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Withdraw Guilty Plea (Doc. 121) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 13, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[56] Fed. R. Crim. P. 11(d)(2)(B) (stating that defendant may withdraw a guilty plea before the court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal").